UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARRELL B. McNARY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ELKHART COUNTY JAIL, )<br>)<br>Respondent. ) | CAUSE NO. 3:06-CV-563 WCL |

*OPINION AND ORDER*

Darrell B. McNary, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his excessive bail imposed in cause number 20C01-0606-FB-31 in the Elkhart Circuit Court. Mr. McNary states that,

> no appeal was filed to the highest state court having jurisdiction over the subject matter because the grounds being raised in the petition is based solely on the 8th and 14th Amendment to the United States Constitution.

Petition at 2. This reasoning is erroneous since only federal claims can be presented in a habeas corpus proceeding. 28 U.S.C. § 2254(a). Nevertheless, they must first be exhausted in the state courts.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

As stated in the petition, Mr. McNary has not exhausted the remedies

available to him by presenting his claims to the Indiana Supreme Court. Such a remedy exists and it is effective as demonstrated in *Vacendak v. State*, 302 N.E. 2d 779 (Ind. 1973) where the Indiana Supreme Court remanded a state habeas corpus proceeding and ordered a bail hearing.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4. Here, Mr. McNary is plainly not entitled to relief on this petition: his claims are procedurally defaulted because they have not yet been presented to the Indiana Supreme Court.

For the foregoing reasons, the habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: October 3, 2006

    s/William c. Lee
William C. Lee, Judge
United States District Court